### In re HEEBNER et al.

#### (District Court, E. D. Pennsylvania. November 7, 1904.)

#### No. 1,842.

1. BANKRUPTCY—EXCEPTIONS TO DISTRIBUTION—TIME FOR FILING.

Exceptions to a proposed distribution of a bankrupt estate must be filed before the final decree of confirmation is entered, and exceptions, and a petition for review based thereon, not filed until after such confirmation and after the final dividend has been distributed in accordance therewith, will not be considered.

In Bankruptcy. On certificate from referee.

R. Albert Freiler, for exceptant.

J. B. McPHERSON, District Judge. The question that is attempted to be raised by this certificate is not properly before the court. The facts are as follows: The trustee's account was confirmed by the referee on August 27, 1904, and a dividend sheet, deducting commissions and fees and distributing the balance among creditors, was prepared on September 10. On September 12 a notice was sent to each creditor, announcing the declaration of the dividend, and stating that if no exceptions to the distribution were filed on or before September

24 the distribution would be confirmed absolutely and the dividend would be paid by the trustee on September 27. No exceptions having been filed, the distribution was confirmed absolutely on September 26, and several days afterward the money was paid out by the trustee. On October 7 exceptions to the distribution were filed by two of the creditors, objecting to the fees of the referee, and on the same day a petition for review was presented under general order 27 (89 Fed. xi, 32 C. C. A. xxvii). On the same day the referee granted the petition, and on October 8 certified the same to the court for decision.

As I have already intimated, the course of proceeding adopted in this case is at variance with the well-established practice in this district, which requires that exceptions to a proposed scheme of distribution must be filed before the final decree of confirmation is entered, and cannot be considered without special allowance if they are filed afterward. See Equity Rules (Sup. Ct.) rule 83; (C. C.) rule 9; Rules at Law (C. C.) rule 4; Id. (D. C.) rule 23, § 1; Rules in Admiralty (D. C.) rule 59. The reasons in support of the practice are obvious. Objections to a proposed distribution should be made while the schedule is still pending, in order that the final decree may dispose of all contested matters, and may make a complete distribution of the fund. Otherwise, as in the present case, there might be two decrees (and situations which would require more than two are easily conceivable), with their attendant inconvenience and expense. Moreover, the practice adopted by the present petitioners is in plain violation of the rule of evidence that presumes conclusively the correctness of a final decree; for it seeks to attack such a decree, although it is still standing upon the record unopened and unreversed. It is only fair to the referee, also, that he should have an opportunity of hearing the objections to his proposed distribution, and of correcting what may be erroneous before he enters the final order of confirmation, and it is the right of the other creditors to be informed in proper season of such objections, in order that they may take such action thereon as they see fit. So far as appears, no other creditors than the petitioners have had notice of the pending exceptions, or an opportunity to argue the questions raised thereby.

In accordance with these views, the exceptions to the distribution and the petition for review are dismissed, at the costs of the excepting creditors.